UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARC LOTHER JEAN-MARIE,**<br><br>            Petitioner,<br><br>   v.<br><br>**ROBERT BIGOTT,** *Warden, Bergen County, New Jersey Jail*; **SCOTT WEBER**, *New Jersey Field Officer Director, United States Immigrations & Customs Enforcement*; **SECRETARY OF UNITED STATES DEPARTMENT OF HOMELAND SECURITY,**<br><br>            Respondents. | Civ. Action No. 08-3931 (KSH)<br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

This matter comes before the Court upon a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner, Marc Lother Jean-Marie ("Jean-Marie"), is currently detained at an Alabama correctional facility while removal proceedings against him progress.[1] He challenges the constitutionality of his pre-removal confinement because he has not been afforded an individualized bond hearing. For the reasons that follow, the Court will deny Jean-Marie's petition.

---

[1] At the time Jean-Marie filed his petition, he was confined at the Bergen County, New Jersey jail. He has recently been transferred to Perry County Correctional Center in Uniontown, Alabama [D.E. # 9]. Despite this extra-district transfer, the Court retains subject matter jurisdiction over this case because Jean-Marie was detained within the District of New Jersey when he filed his petition. *See Barden v. Keohane*, 921 F.2d 476, 477 n.1 (3d Cir. 1990).

1

**I.     FACTUAL BACKGROUND[2]**

Jean-Marie is a 41-year old citizen of Haiti; he was paroled into this country on or about April 13, 1992 for purposes of pursuing asylum. He applied for an adjustment of status to that of permanent resident alien on March 25, 2000. On September 29, 2004, his status adjustment application was denied because he failed to provide documentation concerning a 1997 conviction for assault in the second degree, which the government had requested in support of his application. Thereafter, on June 15, 2007 at a re-calendared asylum interview, United States Customs & Immigration Service ("USCIS") Asylum Officer Brian Harvey deemed Jean-Marie ineligible for asylum relief because, *inter alia*, he had not established a well-founded fear of future persecution. *See* Immigration & Nationality Act ("INA") § 101(a)(42). On June 28, 2007, Jean-Marie was issued a Notice to Appear ("NTA") charging him as removable.

Jean-Marie conceded removability and applied for asylum, withholding of removal, withholding of removal under the Convention Against Torture, and a waiver of inadmissibility. While removal proceedings were pending before the Immigration Judge ("IJ"), the government filed an added charge of removability under 8 U.S.C. § 1182(a)(2)(A)(i)(I) (commission of a crime involving moral turpitude) related to the assault conviction. On November 25, 2008, the IJ found Jean-Marie removable as charged, denied asylum (along with the other requested grounds for relief), and ordered him removed to Haiti. The Court has not been advised whether Jean-Marie has appealed to the Board of Immigration Appeals ("BIA"), but will assume without deciding that the IJ's order of removal has not yet become final. *See* 8 U.S.C. § 1101(a)(47)(B) (stating that order of removal becomes final upon affirmance by the BIA or expiration of time to seek review by the BIA).

---

[2] The material facts are not disputed. Unless specifically referenced, all facts herein are taken from the parties' papers and supporting documentation.

## II. JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 2241 to determine whether Jean-Marie's pre-removal detention is constitutionally permissible, but may not disturb those decisions made in the discretion of executive officials. *Bakhtriger v. Elwood*, 360 F.3d 414, 420 (3d Cir. 2004) ("the scope of review under section 2241 must be confined to questions of constitutional and statutory law").

## III. DISCUSSION

At all times during the pendency of the removal proceedings, Jean-Marie has been held in custody; as stated above, he challenges that detention on constitutional grounds. As a threshold matter, Jean-Marie asserts that it is unclear whether he has been detained pursuant to a mandatory or discretionary detainer, and attacks each in the alternative.[3]

Respondents state that despite the initial ambiguity, Jean-Marie is actually being held pursuant to the mandatory detention provision in 8 U.S.C. § 1225(b)(2)(A), which provides: "[I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under 8 USCS § 1229a."[4]  *See* D.E. # 8, Exh. 2 (Decl. of Jeffrey Blivaiss) ¶ 5.

Jean-Marie contends that this provision does not apply to him because he previously sought asylum relief, and thus only § 1225(b)(1)(B)(iii)(I) could compel his mandatory detention. Pet. Rep. Br. at 2. That provision states: "Any alien subject to the procedures under

---

[3] On Form I-285, the Notice of Custody Determination for Jean-Marie, § 236 (8 U.S.C. § 1226) is stated as the provision under which he was detained, but does not specify whether the detainer was under a mandatory or discretionary provision.

[4] While Jean-Marie has been present in the United States since 1992, he is nonetheless an "alien who is an applicant for admission" pursuant to 8 U.S.C. § 1225(a)(1).

this clause shall be detained pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed."

The specific subparagraph governing Jean-Marie's mandatory detention does not affect the outcome here; either way, § 1225(b) mandates his detention.  If it is § 1225(b)(2)(A), Jean-Louis is not clearly and beyond a doubt entitled to admission (indeed, the IJ recently determined that he *was not* entitled to admission), and thus his detention is mandatory.  If it is § 1225(b)(1)(B)(iii)(I), both Officer Harvey and the IJ have determined that Jean-Louis does not have a well-founded fear of future persecution,[5] *see* IJ Opinion, attached to D.E. # 8, at 2, 14, 25-29, and thus his detention is mandatory.

Jean-Marie argues that this mandatory detention violates the federal Due Process Clause because he has not been given an individualized bond hearing.  He cites *Patel v. Zemski*, 275 F.3d 299 (3d Cir. 2001), and *Ngo v. INS*, 192 F.3d 390 (3d Cir. 1999) in support.  Pet. Br. at 5-6.  The government argues that "Petitioner's reliance on *Patel* and *Zemski* [sic] is misplaced as both cases have been overcome by the Supreme Court's decision in *Demore v. Kim*, 538 U.S. 510 (2003)."  Resp. Br. at 8.  Respondents are correct; "mandatory detention without a bail hearing during removal proceedings is a 'constitutionally permissible part' of the removal process." *Tineo v. Ashcroft*, 350 F.3d 382, 399 n.12 (3d Cir. 2003) (discussing *Demore*).[6]  In *Demore*, the Supreme Court reasoned that such a bond hearing for a permanent resident alien (much less, as

---

[5] Jean-Marie argues that because he was paroled into the United States in 1992, he *ipso facto* was found to have a well-founded fear of persecution.  *See* Pet. Rep. Br. at 2.  However, asylum relief was more recently denied by Officer Harvey expressly because he did not have a well-founded fear of persecution.  Moreover, the IJ agreed with this determination.  Jean-Marie's arguments to the contrary are thus unavailing.

[6] While *Demore* literally upheld the constitutionality of mandatory detention only pursuant to § 1226(c), its logic and reasoning are no less persuasive in this context, where mandatory detention is pursuant to § 1225(b).  *See Tineo*, 350 F.3d 382, 399 n.12 (3d Cir. 2003) ("[*Demore*] casts substantial doubt on the viability of a due process challenge to the statute under which Tineo was detained."); *Mejia v. Ashcroft*, 360 F. Supp. 2d 647, 652 (D.N.J. 2005) (specifically holding that mandatory detention pursuant to § 1225(b) does not violate due process).

here, an alien parolee) is not required because detention while removal proceedings are pending "necessarily serves the purpose of preventing deportable criminal aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." *Id.* at 528.  This reasoning applies with equal, if not more force here.

Jean-Marie attempts to distinguish *Demore* on the ground that the case applies to the mandatory detention provision in § 1226(c) (he omits reference to § 1225(b)) and not to the discretionary detention provision in § 1226(a).  Pet. Rep. Br. at 4.  Again, however, Jean-Marie's *mandatory* detention is constitutional under *Demore*.  His challenge to the constitutionality of the discretionary detention provision, under which he has not been detained, is unpersuasive.[7]

## IV.  CONCLUSION

Jean-Marie has been found removable by an Immigration Judge.  Because his mandatory detention for the duration of the pending removal proceedings does not transgress constitutional boundaries, he is not entitled to the Great Writ.  The Court will therefore deny his petition in an appropriate order to be filed herewith.

/s/  Katharine S. Hayden

KATHARINE S. HAYDEN
UNITED STATES DISTRICT JUDGE

---

[7] Respondents argue in the alternative that Jean-Marie's detention is also permissible under § 1226(a) (the discretionary detention provision).  The Court need not reach that argument, however, as it agrees with respondents that Jean-Marie's detention is mandatory under the statute.